UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY PATTON                          CIVIL ACTION

VERSUS

JACOBS ENGINEERING GROUP,
INC. ET AL.                                  No. 15-123-BAJ-RLB

## RULING AND ORDER

Before the Court are a **Motion to Dismiss for Failure to State a Claim (Doc. 5)** filed by Defendant Talascend, LLC ("Talascend"), and a **Partial Motion for Judgment on the Pleadings (Doc. 9)** filed by Defendant Jacobs Engineering Group, Inc. ("Jacobs Engineering," collectively "Defendants"). Talascend seeks dismissal of Plaintiff Timothy Patton's negligent infliction of emotional distress claim against it pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on the ground that the claim is barred by the Louisiana's Workers' Compensation statute and, in the alternative, that Patton did not sufficiently plead the claim. (Docs. 1-2, 5). Jacobs Engineering seeks a judgment in its favor on Patton's negligent infliction of emotional distress claim on the same grounds. (Doc. 9). Plaintiff has opposed Talascend's Motion to Dismiss (Doc. 10), but has not opposed Jacobs Engineering's Partial Motion for Judgment on the Pleadings. Oral argument is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. For the reasons stated below, Talascend's **Motion to Dismiss for Failure to State a Claim (Doc. 5)** and Jacobs Engineering's **Partial Motion for Judgment on the Pleadings (Doc. 9)** are **GRANTED**.

# I. BACKGROUND

## A. Patton's Allegations and Defendants' Answers

Patton avers that he began his employment at Jacobs Engineering as a contract employee of Talascend in October 2012. (Doc. 1-2 at ¶ 1). He also maintains that both Jacobs Engineering and Talascend were aware that he suffers from a disability identified as Childhood Onset Fluency Disorder, which causes him to stutter. (*Id.* at ¶¶ 4, 6). In his Complaint, Plaintiff claims that he was subjected to ongoing "emotional and psychological abuse and harassment" from his co-workers because of his disability, and that despite his "exhaustive[]" notification to his superiors at Jacobs Engineering and Talascend, Defendants "failed to take any corrective action to eradicate such harassment." (*Id.* at ¶¶ 5, 6, 9, 11). Specifically, Patton alleges that from December 2012 through February 2014, Defendants would deliberately "torment[]" him with "provocative" and "obnoxious" laughter, mock him by stuttering in conversations with or near him, subject him to "mean-spirited and patronizing comments" from co-workers regarding his disability, exclude him from work-related emails, fail to notify him of meetings concerning "work related tasks in his department," and assign him "larger and demanding work assignments with shorter deadlines than his co-workers." (*Id.* at ¶¶ 5–8). Plaintiff further maintains that he sustained "severe emotional distress as a result of Defendants' actions and inactions," and that his supervisors at Jacobs Engineering not only failed to stop the alleged ill-treatment, but "condoned and encouraged it," ultimately "orchestrat[ing] a work environment intentionally to cause severe emotional distress to Plaintiff such that Plaintiff would quit as a contract employee for Jacobs." (*Id.* at ¶¶ 12, 14).

Additionally, Patton contends that this anxiety exacerbated his stuttering condition and led him to have a "severe panic attack" while driving on the interstate that resulted in a "violent automobile collision." (*Id.* at ¶¶ 15, 16). Patton asserts that as a result, his doctor ordered him to take a six month leave from work because of his emotional and physical injuries. (*Id.* at ¶ 17). As such, Plaintiff alleges claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and disability discrimination and violations of his civil rights under the Americans with Disabilities Act, the United States Constitution, and the Constitution of the State of Louisiana against Defendants.[1] (*Id.* at ¶¶ 19–40).

In their Answers, Talascend and Jacobs Engineering both deny Patton's substantive claims and assert numerous legal and equitable defenses. (Docs. 6, 7).

B. **Procedural History**

Patton filed his Petition for Damages in the 19th Judicial District Court of Louisiana on February 6, 2015. (Doc. 1-2). Jacobs Engineering removed the action to this Court on March 5, 2015. (Doc. 1). Talascend filed the instant Motion to Dismiss for Failure to State a Claim on March 12, 2015. (Doc. 5). Plaintiff filed his Opposition to the Motion on April 2, 2015. (Doc. 10). After securing leave from the Court (Doc. 12), Talascend filed its Reply to Plaintiff's Opposition to the Motion on April 14, 2015 (Doc. 13).

---

[1] This Ruling does not address Patton's intentional infliction of emotional distress, disability discrimination, or civil rights claims. Additionally, Plaintiff "seeks relief for the Defendants' violations of his civil rights secured by the Americans with Disabilities Act, by the United States Constitution, and by the laws and Constitution of the State of Louisiana," (Doc. 1-2 at ¶ 27), but does not state a basis for his claims under either the federal or state constitutions.

3

Both Talascend and Jacobs Engineering filed Answers to Patton's petition on March 12, 2015. (Docs. 6, 7). Jacobs Engineering filed the Partial Motion for Summary Judgment on the Pleadings under consideration here on March 20, 2015. (Doc. 9). Patton did not file an Opposition to Jacobs Engineering's Motion.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. However, the complaint must inform the defendant of the factual basis for the action to avoid dismissal. *Johnson v. City of Shelby, Miss.*, ___ U.S. ___, ___, 135 S. Ct. 346, 347

4

(2014) ("Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city. Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim."). When a complaint fails to satisfy these principles, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### B. Rule 12(c) Motion for Judgment on the Pleadings

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). However, the two motions differ in when they must be filed. While a Rule 12(b)(6) motion "must be made before pleading if a responsive pleading is allowed," a Rule 12(c) motion for judgment on the pleadings is made "after the pleadings are closed." Fed. R. Civ. P. 12(b), (c). In a Rule 12(c) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," but the Court will accept well-pleaded allegations as true and will view them in the light most favorable to the plaintiff. *Id.* (internal quotations omitted). A court may grant a motion for judgment on the pleadings only if "there are no disputed issues of material fact and only questions of law remain." *Brittan Commc'ns Intern. Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004) (explaining that "the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery," and "the defendant will not succeed on a

5

motion under Rule 12(c) if there are allegations in the plaintiff's pleadings that, if proved, would permit recovery on his claim.").

III. ANALYSIS

The Court must decide whether Patton's negligence claims, specifically his claim of negligent infliction of emotional distress,[2] are barred by the exclusivity provisions of the Louisiana Workers' Compensation statute. The statute specifically provides that the rights and remedies it grants an employee against an employer for unintentional acts "shall be exclusive of all other rights, remedies, and claims for damages," unless otherwise expressly created by statute. La. Rev. Stat. § 23:1032(A)(1)(a). Louisiana courts have consistently interpreted this language to mean that the statute bars negligence claims against an employer. *E.g.*, *Pearson v. IHOP*, No. 09-3071, 2010 WL 971798, at *3–4 (E.D. La. Mar. 10, 2010). Louisiana courts have also generally held that this exclusivity provision bars employee claims against employers for negligent infliction of emotional distress.[3] *E.g.*, *Gonzales v. T. Baker Smith, LLC*, No. 13-644-SDD-RLB, 2014 WL 905281, at *1–2 (M.D. La. Mar. 7, 2014).

---

[2] In his Petition for Damages, Patton expressly pleads negligent infliction of emotional distress, but also alleges facts that may support other negligence claims. (Doc. 1-2). However, Patton does not address the existence of any other negligence claims in his Opposition to Talascend's Motion to Dismiss (Doc. 10), and does not oppose Jacobs Engineering's Partial Motion for Judgment on the Pleadings. As such, the Court finds that Patton cedes any other negligence claims against Defendants.

[3] A Louisiana court has held that the exclusive remedy provision of Louisiana's workers' compensation statute does not bar all negligent infliction of emotional distress claims filed in tort against an employer, provided the proper elements are alleged. *Richardson v. Home Depot USA*, 2000-0393, p. 8 (La. App. 1 Cir. 3/28/2001); 808 So.2d 544, 550–51. Specifically, the plaintiff must set forth that 1) the employer compelled the employee to perform duties that were dangerous to the employee's welfare, 2) contrary to the communicated advice of a physician, and 3) which the employer knew or should have known would result in the employee's mental deterioration. *Id.* at p. 5–8, 548–550. Patton does not allege these facts in his Petition for Damages. (Doc. 1-2).

Patton argues that the only type of mental injury compensable under the statute is "mental injury [resulting from] a sudden, unexpected, and extraordinary stress related to the employment" that is "demonstrated by clear and convincing evidence." La. Rev. Stat. § 23:1021(8)(b); (Doc. 10 at p. 5–6). Indeed, the statute expressly defines "injury" and "personal injuries" to include "only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom," and not to include "any other form or disease or derangement, however caused or contracted." La. Rev. Stat. § 23:1021(8)(a). Patton concedes that under this language, he "does not have a claim under the Louisiana Workers' Compensation Statute," but also contends that the claim should survive because, otherwise, he is left without a remedy for his injury from "sustained harassment or abuse which persists over time and creates a hostile work environment." (Doc. 10 at p. 6–7). Plaintiff does not point to any jurisprudence in support of this proposition. In fact, Plaintiff cites current Louisiana case law which states that "[t]he mere showing that mental injury was related to general conditions of employment, or to incidents occurring over an extended period of time, is not enough to justify compensation" under the Louisiana Workers' Compensation Statute. *Adams v. Tempe Inland*, 03-0187, p. 5 (La. App. 3 Cir. 11/05/03), 858 So.2d 855, 859; (Doc. 10 at p. 6). As such, Patton seeks to have this Court create a cause of action where he concedes one does not exist.

The maxim *ubi jus, ibi remedium*—"where there is a right, there is a remedy"— holds true here. *See, e.g., Tex. & Pac. Ry. Co. v. Rigsby*, 241 U.S. 33, 39–40 (1916). Although Patton has not alleged sufficient facts in this instance to state a legally plausible claim for negligent infliction of emotional distress under Louisiana's workers'

compensation statute, he does, as Talascend notes, have the option of attempting to pursue an emotional distress claim under the Americans with Disabilities Act. *See Giles v. Gen. Electric Co.*, 245 F.3d 474, 488 (5th Cir. 2001) (allowing a reduced compensatory damages award for emotional distress under the Americans with Disabilities Act where the plaintiff made the proper showing); (Doc. 13 at p. 2 n.1). However, even taking Patton's allegations as true on their face, he has not stated a legally cognizable claim for negligent infliction of emotional distress under state law.[4] In addition, Patton has not presented any disputes of material fact that, if proved, would permit recovery under the claim here because the material facts he alleges would, in this instance, support a negligence claim that is barred by the exclusivity provision of the Louisiana Workers' Compensation Statute.

As Plaintiff's negligent infliction of emotional distress claim, as pleaded, is barred as a matter of law under the exclusivity provision of the Louisiana Workers' Compensation statute, the Court need not reach the Defendants' alternative arguments that the claim was not sufficiently pleaded to survive a motion to dismiss for failure to state a claim or a motion for partial judgment on the pleadings.

---

[4] In 1990, the Supreme Court of Louisiana acknowledged the "general rule" that "if the defendant's conduct is merely negligent and causes only mental disturbance, without accompanying physical injury, illness or other physical consequences, the defendant is not liable for such emotional disturbance." *Moresi v. State Through Dep't of Wildlife and Fisheries*, 567 So.2d 1081, 1095 (La. 1990). The Court also acknowledged "deviations from the general rule" in which courts have allowed recovery for instances such as the negligent transmission of a message, especially one announcing death; the mishandling of corpses; failure to install, maintain, or repair consumer products; negligent damage to one's property while the plaintiffs were present and saw their property damaged; and damages for fright or nervous shock, where the plaintiff was actually in great fear for his personal safety. *Id.* at 1096. However, the Court further noted that these categories of exceptions all had in common "the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Id.* In any instance, this Court expressly declines to decide whether the elements of any plausible claim for negligent infliction of emotional distress are met in this case because, as stated, any such possible claim would be barred by the exclusivity provision of the Louisiana Workers' Compensation Statute.

Accordingly,

IT IS ORDERED that Defendant Talascend LLC's **Motion to Dismiss for Failure to State a Claim (Doc. 5)** is GRANTED.

IT IS FURTHER ORDERED that Defendant Jacobs Engineering Group, Inc.'s **Partial Motion for Judgment on the Pleadings (Doc. 9)** is GRANTED.

Baton Rouge, Louisiana, this \_\_\_29th\_\_\_ day of June, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA