UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY PATTON                                            CIVIL ACTION

VERSUS                                                    NO. 15-123-BAJ-RLB

JACOBS ENGINEERING GROUP INC.,
and TALASCEND, LLC

**ORDER**

Before the court is Jacobs Engineering Group Inc.'s ("Jacobs") Motion to Strike Experts of Plaintiff (R. Doc. 26). The motion is opposed by Plaintiff. (R. Doc. 28). Jacobs filed a Reply. (R. Doc. 36).

Also before the court is Plaintiff's Motion for Leave to Allow Expert Witness to Produce Expert Report and Extend Expert Discovery (R. Doc. 27). The motion is opposed by Jacobs. (R. Doc. 29). Plaintiff filed a Reply. (R. Doc. 37).

**I.      Background**

Timothy Patton ("Plaintiff") filed this action against Jacobs and his employer Talascend, LLC ("Talascend") on February 6, 2015. (R. Doc. 1-2). Plaintiff alleges that he has a disability identified as Childhood Onset Fluency Disorder, which makes him stutter, and was subjected to emotional abuse and harassment by his co-workers in light of his disability while working for Jacobs as a contract employee from December 2012 to February 2014. (R. Doc. 1-2 at 4). Defendants removed the action on the basis that Plaintiff's claims pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, and Title VII of the Civil Rights Act, 42 U.S.C. §2000e, provide the court with federal jurisdiction pursuant to 28 U.S.C. §1331. (R. Doc. 1).

On June 4, 2015, the court entered a Scheduling Order after holding a scheduling conference with counsel for the parties. (R. Doc. 19). Among other things, the court set

Plaintiff's deadline to identify his experts on November 23, 2015; Plaintiff's deadline to provide expert reports on December 23, 2015; and the deadline to complete expert discovery on February 16, 2016. (R. Doc. 19 at 2).

On June 22, 2015, Plaintiff provided his Initial Disclosures, in which Plaintiff identified three of his treating physicians: Kelly Maloney, Speech-Language Pathologist; Susan P. Chesney, Speech-Language Pathologist; and Dr. David T. Weibel, Psychologist. (R. Doc. 36-2 at 2).

On November 23, 2015, the parties filed a Joint Motion to Extend Discovery Deadlines. (R. Doc. 24). The court granted the motion, extending Plaintiff's deadline to identify his experts to December 23, 2015; Plaintiff's deadline to provide expert reports on January 25, 2016; and the deadline to complete expert discovery on March 21, 2016. (R. Doc. 25).

On December 23, 2015, Plaintiff identified the following eight individuals as his experts: Dr. Preetinder P. Brar, Psychiatrist; Dr. David T. Weibel, Psychologist; Susan P. Chesney, Speech-Language Pathologist; Kelly Maloney, Speech-Language Pathologist; Dr. Eva Matthews, Psychiatrist; Dr. J. Michael Burdine, Orthopedic Surgeon; Dr. Kevin McCarthy, Orthopedic Surgeon; and Dr. Steven Barnes, Economist. (R. Doc. 26-2). Plaintiff did not provide a resume or CV for Susan Cheseney, Kelly Maloney, or Dr. Eva Matthews with this disclosure, or otherwise within the December 29, 2015 extension provided by Jacobs. (R. Doc. 26 at 1; R. Doc. 36 at 3).

On January 13, 2016, Plaintiff's counsel informed Jacobs' counsel in an e-mail that the only identified "expert witness" that had been "retained to provide an expert report on behalf of the Plaintiff" was Dr. Steven Barnes. (R. Doc. 28-1). Plaintiff's counsel clarified that the

2

remaining experts listed were designated solely as "experts in their field (as treating physicians) with knowledge of the Plaintiff's treatment and condition." (R. Doc. 28-1).

On January 25, 2016, Plaintiff supplemented his Rule 26(a)(1) disclosures identifying Dr. Brar, Dr. McCarthy; Ms. Chesney; Ms. Maloney; Dr. Matthews; Dr. Burdine; and Dr. Weibel as his treating physicians who "may have discoverable information as it relates to medical treatment [or speech therapy] of Plaintiff." (R. Doc. 36-10 at 3-4). Plaintiff did not provide any expert reports to Jacobs with regard to these treating physicians on that day, the deadline for Plaintiff to provide expert reports. (R. Doc. 26 at 2).

On February 8, 2016, Jacobs rejected Plaintiff's request to allow him to designate Dr. Weibel as a testifying expert pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure after the deadline to do so for the purpose of providing an expert report on the issue of the effect of noise at the Jacob's facility on Plaintiff's condition. (R. Doc. 27 at 2-3).

**II.    Law and Analysis**

    **A.    Jacobs' Motion to Strike Experts of Plaintiff (R. Doc. 26)**

Jacobs seeks to strike Plaintiff's seven treating physicians (Dr. Brar; Dr. Weibel; Ms. Chesney; Ms. Maloney; Dr. Matthews; Dr. Burdine; and Dr. McCarthy) as testifying experts on the basis that they did not provide resumes or CVs by Plaintiff's expert disclosure deadline and/or they did not provide expert reports by Plaintiff's expert report deadline. In opposition, Plaintiff argues that his treating physicians should not be struck as testifying experts because they were properly disclosed as witnesses who are not required to provide a written report pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

There are two types of testifying experts who must be disclosed pursuant to Rule 26— witnesses who must provide a written report pursuant to Rule 26(a)(2)(B) and witnesses who do

not provide a written report pursuant to Rule 26(a)(2)(C).  The disclosure of expert witnesses who must provide a written report must be "accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).  The expert reports must contain the following: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them"; (3) "any exhibits that will be used to summarize or support them"; (4) "the witness's qualifications, including a list of all publications authored in the previous 10 years"; (5) a list of cases in which the expert testified during the previous four years; and (6) a statement of the compensation received by the expert for his study and testimony.  Fed. R. Civ. P. 26(a)(2)(B).[1]

Plaintiff concedes that none of his treating physicians were identified as experts pursuant to Rule 26(a)(2)(B).[2]  Accordingly, the court turns to whether Plaintiff's treating physicians were properly designated as experts pursuant to Rule 26(a)(2)(C).

Where an expert witnesses "is not required to provide a written report, [the expert] disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).  While Plaintiff's disclosure broadly identified the "subject matter" on which each of his treating physicians is

---

[1] The court's scheduling orders provide that expert reports were to be provided after the disclosure of expert identities and resumes. Accordingly, for experts disclosed pursuant to Rule 26(a)(2)(B), Plaintiff did not have to provide an expert report contemporaneously with the expert disclosure.  There appears to be no dispute between the parties that Dr. Barnes was identified as an expert pursuant to Rule 26(a)(2)(B) on December 23, 2015, and provided a timely expert report on or before January 25, 2016.

[2] Plaintiff is now seeking leave to designate Dr. Weibel as an expert pursuant to Rule 26(a)(2)(B). That issue is addressed below.

expected to testify (psychology, psychiatry, speech-language pathology, and orthopedic surgery), the disclosure does not even arguably provide "a summary of the facts and opinions" to which each of these treating physicians is expected to testify. Proper designation of a treating physician as a testifying expert pursuant to Rule 26(a)(2)(C) requires production of "an actual summary of the facts and opinions to which the witness is expected to testify." *Williams v. State*, No. 14-00154, 2015 WL 5438596, at *4 (M.D. La. Sept. 14, 2015) (disclosure consisting of medical records alone is insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)).

The court concludes that Plaintiff's expert disclosures do not satisfy the standard set forth in Rule 26(a)(2)(C). Accordingly, the court must determine whether Plaintiff's failure to properly identify his treating physicians as witnesses pursuant to Rule 26(a)(2)(C) should subject Plaintiff to the sanction requested by Jacobs—exclusion of expert testimony from Plaintiff's treating physicians at trial.

The court must exclude or limit expert testimony if the expert's disclosure was improper unless the improper disclosure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether exclusion of expert testimony is appropriate, the court must consider "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996).

The first and fourth factors weigh in favor of Plaintiff. Plaintiff identified his treating physicians as experts on December 23, 2015 and, on January 25, 2016, clarified that those individuals were in fact treating physicians and identified as experts pursuant to Rule

5

26(a)(2)(C).  The subject matter of these treating physicians on psychology, psychiatry, speech-language pathology, and orthopedic surgery is central to the claims and defenses in this action.  Without allowing Plaintiff to designate these individuals as experts pursuant to Rule 26(a)(2)(C), their testimony will be limited to lay testimony regarding their treatment of the Plaintiff.  This will lead to jury confusion.  As testifying experts pursuant to Rule 26(a)(2)(C), these treating physicians will be able to testify regarding facts or data obtained or observed in the course of the sequence of events giving rise to the litigation and opinions based on such facts and data.  *LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013); *see Mangla v. University of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996); *Knorr v. Dillard's Store Servs. Inc.*, No. 04-3208, 2005 WL 2060905, at *3 (E.D. La. Aug. 22, 2005).  Such expert testimony is undoubtedly important to Plaintiff.

   The second and third factors also weigh in favor of Plaintiff.  Allowing these treating physicians to testify as Rule 26(a)(2)(C) experts will only slightly prejudice Jacobs, if at all.  Jacobs has had the opportunity to designate competing experts in light of the identification of Plaintiff's treating physicians as experts on December 23, 2015.  Jacobs has had the opportunity to conduct any needed expert discovery regarding Jacobs' treating physicians.  Furthermore, any prejudice to Jacobs can be cured by granting additional extensions of expert discovery deadlines.  The court has already extended Jacobs' expert report deadline to March 1, 2016, in light of Plaintiff's request to designate Dr. Weibel as an expert witnesses pursuant to Rule 26(a)(2)(B). (R. Doc. 40).  Trial in this action is not set to begin until November 1, 2016.

   Based on the foregoing, the court will deny Jacobs' Motion to Strike (R. Doc. 26) and enter new deadlines to allow Plaintiff an opportunity to properly designate his treating physicians

6

as experts pursuant to Rule 26(a)(2)(B), and for Jacobs to conduct any additional discovery necessary with regard to those experts.

### B. Plaintiff's Motion for Leave to Allow Expert Witness to Produce Expert Report and Extend Expert Discovery (R. Doc. 27)

Acknowledging that he did not provide an expert report for Dr. Weibel prior to the January 25, 2015 deadline, Plaintiff now seeks leave of court to identify Dr. Weibel as an expert pursuant to Rule 26(a)(2)(B) and allow him to provide an expert report after the court's deadline. Plaintiff argues that an expert report by Dr. Weibel will "aid the trier-of-fact in understanding whether the alleged noise at Jacobs Engineering affects Plaintiff's anxiety and speech impediment." (R. Doc. 27 at 3). Plaintiff further argues that he did not become aware of the possibility that noise at the Jacobs facility had a possible effect on his anxiety and speech impediment until after certain depositions were taken after the deadline to identify experts and submit expert reports. In opposition, Jacobs argues that Plaintiff has not established good cause for modification of the court's Scheduling Order to allow Plaintiff to provide an expert report after the court's deadline.

As discussed above, the court will provide Plaintiff an opportunity to properly designate his treating physicians as experts pursuant to Rule 26(a)(2)(C), and will provide Jacobs with a corresponding opportunity to conduct any additional discovery necessary regarding those experts. In the context of having already decided to extend certain expert discovery deadlines for the purpose of Plaintiff's disclosure of experts pursuant to Rule 26(a)(2)(C), the court turns to whether to allow Plaintiff to designate Dr. Weibel as an expert who must provide an expert report pursuant to Rule 26(a)(2)(B).

Federal Rule of Civil Procedure 26(a)(2) requires disclosure of the identities of all expert witnesses and their written reports within a timeframe ordered by the court. Rule 16(b)(4) of the

7

Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The court consider four factors in determining whether to allow a party to submit an expert report beyond the deadline set in the court's scheduling order: "(1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990)).

The first factor favors granting the extension. Plaintiff represents that it was only after his own depositions taken on November 17, 2015 and December 9, 2015; the deposition of Jacobs' Department Manager, Greg Guillory, on December 9, 2015; and the deposition of Jacobs' Lead Engineer Bruce Kistrup on January 29, 2016, that it was "revealed Mr. Patton's repeated complaints of excessive noise more than likely caused Mr. Patton's increased anxiety and stuttering condition." (R. Doc. 37 at 2).

The second factor is neutral considering the procedural posture of this case. Jacobs correctly notes that the "noise level at Jacobs is not mentioned in the Complaint, either as a factual allegation or as a claim . . . ." (R. Doc. 29 at 6-7). Nevertheless, as explained by Plaintiff, it was not until after certain fact depositions were taken that the issue of noise levels as a trigger for his increased anxiety and stuttering arose. This theory that excessive noise triggered

8

Plaintiff's anxiety and stuttering appears to be beyond the facts or data obtained by Dr. Weibel as Plaintiff's treating physician.

On March 2, 2016, Plaintiff filed a Motion for Leave to File First Supplemental and Amended Complaint. (R. Doc. 41). In his proposed amendment to Paragraph 38 of the Complaint, Plaintiff seeks to allege that Defendants "failed to provide Plaintiff with reasonable accommodations in accordance with the Americans with Disabilities Act, specifically in connection to the noise levels at Jacobs, which increased Plaintiff's anxiety and exasperated Plaintiff's stuttering disability." (R. Doc. 41-1 at 2). Defendants filed a Joint Opposition to this motion, arguing, among other things, that the amendment was futile because Plaintiff did not raise the issue of accommodations in his EEOC Charges. (R. Doc. 43). The court has ordered Defendants to supplement the record by providing any attachments to the EEOC Charges that were not provided with their Joint Opposition. (R. Doc. 44).

Because the court does not have a complete record regarding Plaintiff's EEOC Charges, or any specific opinions offered by Dr. Weibel, and because the court has yet to rule upon whether Plaintiff will be allowed to amend his Complaint to add a failure to accommodate claim regarding the noise levels at Jacobs, it is unclear at this time whether the proposed testimony is relevant to the claims and defenses in this action.

The third and fourth factors ultimately weigh in favor of granting Plaintiff a modified deadline to provide an expert report on behalf of Dr. Weibel. The court recognizes that Jacobs is facing potential prejudice in light of having to review a new expert report, having to conduct additional expert discovery, and potentially needing to provide a rebuttal report. As discussed above, however, any prejudice is mitigated by the fact that Jacobs has been aware of Dr. Weibel as an expert since Plaintiff's disclosure deadline. In addition, upon receipt of Dr. Weibel's

9

report, the court will be amenable to any additional extensions that Defendants may need to address that report, assuming that the testimony of Dr. Weibel is relevant to Plaintiff's cause of action. The court's ruling on the pending motion for leave to file the First Supplemental and Amended Complaint may make discovery on this issue unnecessary.

Based on the foregoing, the court will grant Plaintiff's Motion (R. Doc. 27), and enter new deadlines to allow Plaintiff an opportunity to provide an expert report by Dr. Weibel pursuant to Rule 26(a)(2)(B).[3]

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Jacobs' Motion to Strike Experts of Plaintiff (R. Doc. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Allow Expert Witness to Produce Expert Report and Extend Expert Discovery (R. Doc. 27) is **GRANTED.**

**IT IS FURTHER ORDERED** that, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the following deadlines are established:

1. Discovery must be completed as follows:

    a. Plaintiff must provide supplemental expert disclosures in conformity with Rule 26(b)(2)(C) for Dr. Brar; Ms. Chesney; Ms. Maloney; Dr. Matthews; Dr. Budine; and Dr. McCarthy on or before **March 22, 2016**. No additional expert disclosures are allowed by Plaintiff.

    b. Plaintiff must provide an expert report in conformity with Rule 26(b)(2)(B) for Dr. David T. Weibel, Psychologist by **March 28, 2016.**

---

[3] By allowing Plaintiff to submit an expert report by Dr. Weibel pursuant to Rule 26(a)(2)(B) on the issue of whether the alleged noise at Jacobs Engineering affected Plaintiff's anxiety and speech impediment, the court is not precluding Defendants from filing any Daubert motions and/or motions in limine or other appropriate motions excluding Dr. Weibel's expert report and/or testimony. As stated above, the court has not yet made a ruling regarding whether Plaintiff will be allowed to amend Paragraph 38 of his Complaint to add the allegation that Defendants failed to accommodate Plaintiff in connection to the noise levels at Jacobs.

    c.  Discovery from experts must be completed by **April 25, 2016.**

 2.  Deadline to file dispositive motions: **May 16, 2016.**

All other deadlines set by the court remain unchanged.

 Signed in Baton Rouge, Louisiana, on March 17, 2016.

                 _____
                 **RICHARD L. BOURGEOIS, JR.**
                 **UNITED STATES MAGISTRATE JUDGE**