UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY PATTON                                      CIVIL ACTION

VERSUS

JACOBS ENGINEERING GROUP
INC., ET AL.                                        NO.: 15-00123-BAJ-RLB

RULING AND ORDER

On April 1, 2016, Jacobs Engineering Group Inc. ("Defendant") filed an **Appeal of Magistrate's Order Doc. 45 to District Judge (Doc. 50)**. On April 22, 2016, Timothy Patton ("Plaintiff") filed a response. (Doc. 56).  Upon reviewing the discovery order, the parties' memoranda, and the applicable law, the Court concludes that Defendant's appeal should be **DENIED**.

I.   **Background**

On June 16, 2015, the Magistrate Judge issued a Scheduling Order setting deadlines of November 23, 2015 and December 23, 2015 for Plaintiff and Defendant to disclose the identities and resumes of their experts. (Doc. 19 at p. 2). The deadlines to disclose expert reports were set for December 23, 2015 and January 25, 2016. (*Id*.). Expert discovery was required to be completed by February 16, 2016. (*Id*.).

Pursuant to a joint motion, these dates were extended. (Doc. 25). The deadlines to disclose the identities and resumes of experts were extended to December 23, 2015 and January 22, 2016. (*Id*. at p. 1). The deadlines to disclose expert reports were

1

extended to January 25, 2016 and February 22, 2016. (*Id.* at pp. 1—2). Expert discovery was required to be completed by March 21, 2016. (*Id.* at p. 2).

On February 8, 2016, Defendant filed a motion to strike several of Plaintiff's experts for failure to properly disclose resumes and expert reports. (Doc. 26-1). On February 9, 2016, Plaintiff filed a response asserting that Defendant was aware that the experts identified in Defendant's motion to strike were Plaintiff's treating physicians who were not required to produce a resume or report pursuant to Rule 26(a)(2)(C). (Doc. 28). Defendant was granted leave to file a reply wherein it asserted that Plaintiff also failed to provide the summaries required of Rule 26(a)(2)(C) for the witnesses at issue. (Doc. 36).

Plaintiff also filed a motion on February 8, 2016, which sought leave to designate one of his treating physicians, Dr. Weibel, as an expert witness pursuant to Rule 26(a)(2)(B). (Doc. 27-1). Plaintiff asserted that information revealed during discovery justified his request. (*Id.* at p. 2). On February 12, 2016, Defendant filed a response asserting, *inter alia*, that Plaintiff failed to set forth justification for his failure to comply with the modified Scheduling Order and that an untimely reclassification of Plaintiff's expert would result in prejudice.[1] (Doc. 29 at pp. 5—9). Plaintiff was granted leave to file a reply wherein he reasserted that the need to reclassify Dr. Weibel as a Rule 26(a)(2)(B) expert did not arise until after certain depositions were taken. (Doc. 37 at pp. 2—4). Plaintiff also asserted in his reply that

---

[1] In the event Plaintiff was granted his requested relief, Defendant requested that Dr. Weibel's report be disclosed by February 19, 2016, that he be deposed by Defendant by February 26, 2016, and that Defendant be allowed to designate additional experts by March 11, 2016. (Doc. 29 at p. 9).

his prior disclosure of Dr. Weibel as a treating physician mitigates much of the prejudice Defendant might suffer from a reclassification.[2] (*Id*. at p. 4).

On March 18, 2016, the Magistrate Judge issued an Order that denied Defendant's motion, granted Plaintiff's motion, and entered new deadlines.[3] (Doc. 45). The Magistrate Judge determined that Plaintiff failed to comply with the disclosure requirements of Rule 26(a)(2)(C) with respect to his treating physicians and analyzed whether Plaintiff's failure was "substantially justified or harmless."[4] (Doc. 45 at pp. 5—7). The Magistrate Judge then analyzed whether "good cause" existed to modify the Scheduling Order to allow Plaintiff the opportunity to reclassify Dr. Weibel as a Rule 26(a)(2)(B) expert. (Doc. 45 at p. 10). The Magistrate Judge further stated that he "will be amendable to additional extensions that Defendants may need to address [Dr. Weibel's] report . . . ." (*Id*.).

## II.   Standard of Review

The Court reviews discovery rulings by a magistrate judge under the "clearly erroneous" standard as provided in 28 U.S.C. § 636(b)(1)(A): "A judge of the court may

---

[2] Plaintiff also asserted that Dr. Weibel's expert report could be disclosed by February 19, 2016 and that he could be deposed on February 26, 2016. (Doc. 37 at p. 4). Plaintiff did not object to allowing Defendant the opportunity to designate additional experts. (*Id*.).

[3] The Magistrate Judge has since extended the deadline to file *Daubert* motions. (Doc. 51).

[4] In concluding that Plaintiff's omissions were harmless, the Magistrate Judge stated that Plaintiff would be permitted "to properly designate his treating physicians as experts pursuant to *Rule 26(a)(2)(B)*." (*Id*. at pp. 6—7) (emphasis added). Later, the Magistrate Judge clarified that "[a]s discussed above, the court will provide Plaintiff an opportunity to properly designate his treating physicians as experts pursuant to *Rule 26(a)(2)(C)* . . . ." (Doc. 45 at p. 7) (emphasis added). The clear intent of the Magistrate Judge's Order was to allow Plaintiff additional time to comply with Rule 26(a)(2)(C) with respect to his treating physicians. Because the intent of the Magistrate Judge's Order is clear, the Court reviews it with an understanding that Plaintiff was permitted to comply with Rule 26(a)(2)(C) as to his treating physicians and to reclassify Dr. Weibel—and just Dr. Weibel—as a Rule 26(a)(2)(B) expert. Plaintiff has not sought to reclassify any other witness as a Rule 26(a)(2)(B) expert.

reconsider any pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law." In *Castillo v. Frank*, 70 F.3d 382, 385—86 (5th Cir. 1995), the Fifth Circuit confirmed that 28 U.S.C. § 636(b)(1)(A) specifically requires district courts to apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling on a non-dispositive, pretrial motion such as a discovery motion.

Moreover, Defendant's Objection to the Magistrate Judge's Order was filed pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

(emphasis added). Accordingly, under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), the Magistrate Judge's Order should be upheld unless it is "clearly erroneous or contrary to law."

## III.   Discussion

Upon review, the Court concludes that the Magistrate Judge applied the appropriate legal standards to the issues raised in both Defendant's motion to strike (Doc. 26) and Plaintiff's motion for leave (Doc. 27). First, the Magistrate Judge correctly looked to determine if Plaintiff's improper disclosures were "substantially

4

justified" or "harmless" pursuant to Federal Rule of Civil Procedure 37(c)(1), as expanded upon in *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996) (instructing courts to consider: "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order").

Likewise, the Magistrate Judge correctly considered whether "good cause" existed to justify a modification of its previously entered Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4), as expanded upon in *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (instructing courts to consider: "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."

The Court is unable to conclude that the Magistrate Judge clearly erred in applying the aforementioned standards to the facts and circumstances underlying this discovery dispute. *See Moody v. Callon Petroleum Operating Co.*, 37 F. Supp. 2d 805, 807 (E.D. La. 1999) (instructing that the clearly erroneous standard of review requires district courts to affirm the decisions of magistrate judges unless a review of the record leaves the court "with a definite and firm conviction that a mistake has been committed"). The Magistrate Judge acted properly within its discretion in weighing the factors that influenced its decision.

A party is not entitled to raise new theories or arguments in its objections that the party did not present before a magistrate judge. *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir.1994), *cert. denied*, 513 U.S. 1163 (1995). In this same vein, the Court is unwilling at this moment to grant discovery extensions that have not been submitted to the Magistrate Judge. Trial in this matter is set for November 1, 2016, which is nearly six months away. (Doc. 19). The Court will, however, entertain a trial continuance if the Magistrate Judge determines that additional discovery extensions are warranted that may make the current trial date impractical.

IV.    **Conclusion**

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Order (Doc. 45) is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendant's **Appeal of Magistrate's Order Doc. 45 to District Judge (Doc. 50)** is hereby **DENIED**.

Baton Rouge, Louisiana, this 13th day of May, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**